**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

**CONLOGUE LAW, LLP**
Kevin S. Conlogue, Esq. (SBN 285277)
Kevin@LOKSC.com
8383 Wilshire Blvd.
Beverly Hills, CA 90211
Tel: (213) 255-8837

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY ALVAREZ, individually and as successor in interest to Ricardo Andrade, deceased,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF PASADENA and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:25-cv-02490-MWF-PVC<br><br>*Assigned to*:<br>Hon. District Judge Michael W. Fitzgerald<br>Hon. Magistrate Judge Pedro V. Castillo<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Date:　　June 9, 2025<br>Time:　　11:00 a.m.<br>Crtrm:　　5A |

　　　　Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Report. Pursuant to Federal Rule of Civil Procedure Rule 26(f) and this Court's Order, an early meeting was held between counsel, Renee Masongsong of the Law Offices of Dale K. Galipo

1
SCHEDULING CONFERENCE REPORT

and Kevin Conlogue of Conlogue Law, LLP, counsel for Plaintiff, and Nathan Oyster and Caylin W. Jones, counsel for Defendant City of Pasadena.

A. STATEMENT OF THE CASE

    i.    **According to Plaintiff**

This is a civil rights and state tort action brought pursuant to 42 U.S.C. §1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful shooting of the decedent, Ricardo Andrade. Plaintiff brings state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including Excessive Force and Denial of Medical Care; (2) Interference with Familial Relations in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment; (3) Municipal Liability— Unconstitutional Custom, Practice, or Policy, Ratification, and Failure to Train; (4) Battery; (5) Negligence; (6) Violation of Cal. Civil Code § 52.1.

On April 13, 2024, police officers working for the City of Pasadena (names currently unknown, identified as "DOE OFFICERS" in the Complaint) contacted Mr. Andrade when he was in his vehicle, a white pick-up truck. During this contact, Mr. Andrade drove away in his vehicle. Officers pursued Mr. Andrade in their patrol vehicles. The vehicle pursuit ended when Mr. Andrade's vehicle collided with an unoccupied vehicle parked in the front yard of a residence.

When the pursuit ended, Mr. Andrade exited his vehicle and ran into the backyard of the residence located in the 800 block of Arden Road. Additional City of Pasadena police officers responded and set up a containment perimeter. The officers then deployed a police K-9 on Mr. Andrade. The police K-9 bit Mr. Andrade, and Mr. Andrade cried out in pain. When the police K-9 was biting Mr. Andrade, multiple City of Pasadena police officers were on scene with their weapons pointed at Mr. Andrade. When Mr. Andrade was on the ground, being bitten by the police K-9 and crying out in pain, officers fired multiple shots at Mr. Andrade. As a result of the shooting, Mr. Andrade died and lost his earning capacity. Prior to his death, Mr. Andrade suffered

pain from the K-9 deployment and the gunshots.

On information and belief, Mr. Andrade never pointed a weapon at any officer and never verbally threatened to harm any officer. Mr. Andrade posed no immediate threat of death or serious bodily injury during this incident, and the officers had other reasonable alternative measures other than shooting. Further, on information and belief, the officers did not give Mr. Andrade appropriate commands or an adequate verbal warning that deadly force would be used prior to shooting. Therefore, the shooting, was excessive, unreasonable, unjustified, inappropriate, and contrary to basic police training.

### ii. According to Defendant City of Pasadena

This litigation arises from the April 13, 2024 fatal officer-involved shooting of decedent Ricardo Andrade by officers of the Pasadena Police Department. On April 13, 2024, at appoximately 9:00 p.m., Pasadena police officers observed Decedent Ricardo Andrade parked facing the wrong way on a one way street. Officers contacted Andrade when he was in his vehicle and briefly spoke with him. Suddenly and without warning, Andrade turned his car on and drove away, nearly striking officers with his vehicle. Officers purused Andrade's vehicle before Andrade crashed into a vehicle parked in a residential driveway. Andrade then fled his vehicle and broke into a nearby home, threatening the residents and demanding the keys to their vehicle. After he was unable to obtain keys to another vehicle Andrade hid in a nearby backyard.

Pasadena PD officers located Andrade and provided him multiple commands to surrender, warning that a police K-9 would be deployed. Because Andrade refused to surrender, a police K-9 was deployed for the purposes of apprehending Andrade. Officers then slowly approached Andrade to take him into custody. As they did so Andrade brandished a firearm in his right hand. Andrade was provided multiple commands and warnings to drop the gun, but he refused to comply and an officer involved shooting occurred.

**B. SUBJECT MATTER JURISDICTION**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**C. LEGAL ISSUES**

Based on current information, Plaintiff's key legal and factual issues in this case are:

1) Whether the actions and inactions by the involved officers were reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence;
2) Whether the shooting and alleged use of excessive force against the decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
3) Whether the individual officers unreasonably denied medical care to the decedent;
4) Whether the City of Pasadena has unconstitutional policies, that were the cause of the Plaintiff's and the decedent's injuries;
5) Whether the officers had reasonable supsicion to detain and probable cause to arrest the decedent;
6) Whether the officers' use of force, including deadly force, was objectively reasonable under the circumstances;

    7) Whether the officers were negligent with respect to their handling of the situation, including using force against the decedent and failing to deliver prompt medical care to him;

    8) Whether Plaintiff is entitled to receive compensation for any damages, including whether Plaintiff is entitled to punitive damages; and

    9) The nature and extent of the Plaintiff's damages, including punitive damages.

Defendant Contends the Key Legal Issues Are:

    1) Whether the officers' use of force was reasonable under the circumstances.

    2) Whether the officers immediately summoned medical aid for the decedent.

    3) Whether the officers' use of force was unrelated to a legitimate law enforcement interest.

    4) Whether an unconstitutional custom, policy, or practice led to a violation of the decedent's rights.

    5) Whether any officer violated the decedent's rights by threats, intimidation, or coercion.

    6) Whether any individual Defendants are entitled to qualified immunity.

**D. PARTIES, EVIDENCE, ETC.**

    The Plaintiff is Daisy Alvarez, individually and as successor in interest to Ricardo Andrade, deceased. Ms. Alvarez is the decedent's mother.

    The Defendant is the City of Pasadena. Plaintiff intends to seek leave to file an amended complaint naming the involved City of Pasadena police officers involved in this incident, including those officers who used force against the decedent.

    Defendants contend that key witnesses include neighbors and homeowners who witnessed portions of the incidents and key documents include body worn camera, dash camera, photographs, and reports.

### E. DAMAGES

Plaintiff seeks damages in excess of $10,000,000, including wrongful death damages, survival damages, and punitive damages. Plaintiff also seeks attorneys' fees and costs of suit.

Defendant denies that Plaintiff is entitled to any damages.

### F. INSURANCE

The City of Pasadena is permissibly self-insured per California Government Code § 990.

### G. MOTIONS

Plaintiff anticipates filing a motion to amend the complaint

Plaintiff anticipates filing motions *in limine* in this case if the case proceeds to trial.

Defendant anticiptates filing a Motion for Summary Judgment and Motions in *limine* if the case proceeds to trial.

### H. MANUAL FOR COMPLEX LITIGATION

N/A

### I. STATUS OF DISCOVERY

The parties will exchange initial disclosures pursuant to Rule 26 on June 6, 2025.

The parties anticipate entering into a stipulated protective order prior to conducting any discovery in order to ensure the confidential nature with respect to sensitive documents.

### J. DISCOVERY PLAN

Counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties will make initial disclosures on or before June 6, 2025 The parties are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules at this time. There are no anticipated issues about disclosure or discovery of

electronically stored information. Counsel agree that no changes should be made as to discovery as it is governed by law or Local Rules.

      **i.    Plaintiff**

Plaintiffs served a Request for Production of Documents on the City of Pasadena on May 20, 2025. Plaintiff intends propound additional written discovery on after learning the names of the involved officers. In addition to retaining experts and conducting expert depositions at the appropriate time, Plaintiff intends to depose the officers who used force against the decedent and additional officers who responded to this incident.

According to Plaintiff, subjects on which discovery may be needed include: the officers' training; the officers' prior uses of force, if any, including any citizens' or internal complaints made against the involved officers; City of Pasadena Department policies with regards to use of force complaints; Department policies with regards to when deadly force may be used; the handling of evidence by City of Pasadena employees; medical treatment provided to the decedent on the scene of the incident; testimony of witnesses and involved officers, regarding the facts of the shooting incident and the City's investigation into the incident.

      **ii.    Defendants**

Defendant anticipates serving written discovery in early June 2025. Defendant contends the relevant subjects of discovery include any body worn camera, dash camera, or other video regarding of the incident, reports related to the incident, photographs, and relevant Pasadena Police Department policies.

**K. DISCOVERY CUT-OFF**

The parties propose a discovery cut-off date of July 7, 2026.

**L. EXPERT DISCOVERY**

The parties propose an initial expert disclosure date of May 19, 2026.

The parties propose a rebuttal expert disclosure date of June 9, 2026.

## M. DISPOSITIVE MOTIONS

### i. Plaintiff

Plaintiff requests in advance a minimum of two weeks to oppose any dispositive motion such as a motion for summary judgement or summary adjudication, should one be filed. The parties agree to work together to propose an extended briefing schedule prior to any motion for summary judgment or summary adjudication being filed, such that Plaintiff will have at least two weeks to oppose the motion and defendants would have at least two weeks to reply to the motion.

## N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

No settlement discussions have taken place at this time. Counsel are amenable to using the attorney settlement panel.

## O. TRIAL ESTIMATE

The parties have requested trial by jury and estimate the length of the trial at approximately 5 to 7 court days after jury selection.

Parties propose a trial date of October 13, 2026. Parties request a Pre-Trial Conference date of September 21, 2026.

## P. TRIAL COUNSEL

Dale K. Galipo will be lead trial counsel for the Plaintiff's case.

Lead trial counsel for Defendant will be Nathan Oyster.

## Q. INDEPENDENT EXPERT OR MASTER

Counsel agree that neither a discovery master nor independent scientific expert are needed for this lawsuit.

## R. TIMETABLE

Please see attached.

## S. OTHER ISSUES

Plaintiffs are currently ignorant as to the names of the involved police officers. Plaintiffs are promptly propounding discovery to learn the names of these officers and are hopeful that these names will be disclosed by Defendant by way of their initial

disclosures.

Defendant will provide documents in their initial disclosures identifying any shooting officers.

DATED: May 21, 2025					BURKE, WILLIAMS & SORENSEN, LLP

							By: _____*s/ Nathan Oyster*_____
							Nathan Oyster
							Caylin W. Jones
							Attorney for Defendant
							CITY OF PASADENA

DATED: May 21, 2025					LAW OFFICES OF DALE K. GALIPO

							By: _____*s/ Renee V. Masongsong*_____
							Dale K. Galipo
							Renee V. Masongsong
							*Attorneys for Plaintiff*

DATED: May 21, 2025					CONLOGUE LAW, LLP

							By: _____*s/ Kevin S. Conlogue*_____
							Kevin S. Conlogue
							Ashley M. Conlogue
							*Attorneys for Plaintiff*