# EXHIBIT A



1  Dale K. Galipo, Esq. (SBN 144074)
   dalekgalipo@yahoo.com
2  Renee V. Masongsong, Esq. (SBN 281819)
   rvalentine@galipolaw.com
3  LAW OFFICES OF DALE K. GALIPO
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Tel: (818) 347-3333 / Fax: (818) 347-4118
5
   Kevin S. Conlogue, Esq. (SBN 285277)
6  Kevin@LOKSC.com
   CONLOGUE LAW, LLP
7  8383 Wilshire Blvd.
   Beverly Hills, CA 90211
8  Tel: (213) 255-8837

9

10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
11

12  DAISY ALVAREZ, individually and as        Case No. 2:25-cv-02490-MWF-PVC
    successor in interest to Ricardo          FIRST AMENDED COMPLAINT
13  Andrade, deceased,                        FOR DAMAGES

14                 Plaintiff,                  1. Unreasonable Search and
                                                  Seizure—Excessive Force (42
15          vs.                                   U.S.C. § 1983)
                                               2. Unreasonable Search and
16  CITY OF PASADENA; JOHN LEWY;                  Seizure—Denial of Medical Care
    KALVIN BLAKE; TAYLOR                          (42 U.S.C. § 1983)
17  VINCENT; and DOES 1-7 and DOES            3. Due Process—Interference with
    1-10, inclusive,                              Familial Relationship (42 U.S.C. §
18                                                1983)
                   Defendants.                 4. Municipal Liability – Inadequate
19                                                Training (42 U.S.C. § 1983)
                                               5. Municipal Liability –
20                                                Unconstitutional Custom, Practice,
                                                  or Policy (42 U.S.C. § 1983)
21                                             6. Battery (wrongful death and
                                                  survival)
22                                             7. Negligence (wrongful death and
                                                  survival)
23                                             8. Violation of Cal. Civil Code § 52.1

24                                            DEMAND FOR JURY TRIAL

25

26

27

28

                    FIRST AMENDED COMPLAINT FOR DAMAGES

1    **FIRST AMENDED COMPLAINT FOR DAMAGES**

2    COMES NOW Plaintiff DAISY ALVAREZ, individually and as successor in

3   interest to Ricardo Andrade, deceased, for her Complaint against Defendants CITY

4   OF PASADENA, JOHN LEWY, KALVIN BLAKE and DOES 1-10, TAYLOR

5   VINCENT, and DOES 1-7 inclusive, and alleges as follows:

6

7    **JURISDICTION AND VENUE**

8        1.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331

9   and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the

10   United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth

11   Amendments of the United States Constitution.  This Court has supplemental

12   jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §

13   1367(a), because those claims are so related to the federal claims that they form part

14   of the same case or controversy under Article III of the United States Constitution.

15       2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because

16   Defendants reside in this district and all incidents, events, and occurrences giving

17   rise to this action occurred in this district.

18

19    **INTRODUCTION**

20       3.    This civil rights and state tort action seeks compensatory and punitive

21   damages from Defendants for violating various rights under the United States

22   Constitution and state law in connection with the fatal officer-involved shooting of

23   Plaintiff's son, Ricardo Andrade ("DECEDENT"), on April 13, 2024.

24

25    **PARTIES**

26       4.    At all relevant times, DECEDENT was an individual residing in San

27   Fernando, California.

28

-1-

5.    Plaintiff DAISY ALVAREZ ("ALVAREZ") is an individual residing in Sycamore, Illinois, and is the natural mother of DECEDENT.  ALVAREZ sues in her individual capacity as the mother of DECEDENT and also as a successor in interest to DECEDENT.  ALVAREZ seeks both survival and wrongful death damages under federal and state law.

6.    At all relevant times, Defendant CITY OF PASADENA ("CITY") is and was a municipal corporation existing under the laws of the State of California.  CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Pasadena Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Pasadena Police Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants ~~DOES 1-10~~ JOHN LEWY, KALVIN BLAKE, TAYLOR VINCENT, and DOES 1-7. ~~.~~

7.    Defendant~~s~~ ~~DOES 1-7~~JOHN LEWY ("LEWY~~DOE OFFICERS~~") is, ~~are,~~ and ~~were~~ was at the time of this incident, a police officer~~s~~ working for the Pasadena Police Department.  At all relevant times, ~~DOE OFFICERS~~LEWY ~~were~~ was acting under color of law and within the course and scope of ~~their~~his duties as a police officer~~s~~ for the Pasadena Police Department.  At all relevant times, ~~DOE OFFICERS~~LEWY ~~were~~ was acting with the complete authority and ratification of ~~their~~his principal, Defendant CITY.  ~~DOE OFFICERS~~LEWY ~~are~~is one of the officer~~s~~ who, on April 13, 2024, at approximately ~~8:39~~9:12 p.m., in the rear yard of a residence located at or near the 700 block of Oak Knoll Circle, deployed ~~the~~a police K-9 against DECEDENT, fired lethal shots at DECEDENT, and/or integrally participated in or failed to intervene in the uses of force against DECEDENT.

1    8.    Defendant KALVIN BLAKE ("BLAKE") is, and was at the time
2 of this incident, one of thea police officers working for the Pasadena Police
3 Department. At all relevant times, BLAKE was acting under color of law and
4 within the course and scope of his duties as a police officer for the Pasadena Police
5 Department. At all relevant times, BLAKE was acting with the complete authority
6 and ratification of his principal, Defendant CITY. BLAKE is one of the officers
7 who, on April 13, 2024, at approximately 9:12 p.m., in the rear yard of a residence
8 located at or near the 700 block of Oak Knoll Circle, fired lethal shots at
9 DECEDENT and/or integrally participated in or failed to intervene in the uses of
10 force against DECEDENT.
11    9.    Defendant TAYLOR VINCENT ("VINCENT") is, and was at the time
12 of this incident, one of thea police officers working for the Pasadena Police
13 Department. At all relevant times, VINCENT was acting under color of law and
14 within the course and scope of his duties as a police officer for the Pasadena Police
15 Department. At all relevant times, VINCENT was acting with the complete
16 authority and ratification of his principal, Defendant CITY. VINCENT is one of the
17 officers who, on April 13, 2024, at approximately 9:12 p.m., in the rear yard of a
18 residence located at or near the 700 block of Oak Knoll Circle, fired lethal shots at
19 DECEDENT and/or integrally participated in or failed to intervene in the uses of
20 force against DECEDENT.
21    7.10.  Defendants DOES 1-5 ("OFFICER DOES") are, and were at the time
22 of this incident, police officers working for the Pasadena Police Department. At all
23 relevant times, OFFICER DOES were acting under color of law and within the
24 course and scope of their duties as police officers for the Pasadena Police
25 Department. At all relevant times, OFFICER DOES were acting with the complete
26 authority and ratification of their principal, Defendant CITY. OFFICER DOES are
27 the officers who, on April 13, 2024, at approximately 9:12 p.m., in the rear yard of a
28

-3-
FIRST AMENDED COMPLAINT FOR DAMAGES

1   residence located at or near the 700 block of Oak Knoll Circle, used force against
2   DECEDENT and integrally participated in or failed to intervene in the uses of force
3   against DECEDENT.

4       8.11.   Defendants DOES 8-106-7 are, and were at the time of this incident,
5   managerial, supervisorial, and policymaking employees of the Pasadena Police
6   Department, who were acting under color of law within the course and scope of
7   their duties as managerial, supervisorial, and policymaking employees for the
8   Pasadena Police Department.  At all relevant times, DOES 8-104-5 were acting with
9   the complete authority and ratification of their principal, Defendant
10  COUNTYCITY.

11      9.12.   On information and belief, LEWY, BLAKE, VINCENT, and DOES 1-
12  52 (collectively "DEFENDANT OFFICERS")DOES 1-10 were residents of the
13  County CITY of Pasadena.

14      10.13. In doing the acts and failing and omitting to act as hereinafter
15  described, Defendants DOE OFFICERSDEFENDANT OFFICERS were acting on
16  the implied and actual permission and consent of Defendants DOES 8-104-5 and the
17  CITY.

18      11.14. In doing the acts and failing and omitting to act as hereinafter
19  described, Defendants DOES 1-10DEFENDANT OFFICERS and DOES 4-5 were
20  acting on the implied and actual permission and consent of the CITY.

21      12.15. The true names and capacities, whether individual, corporate,
22  association or otherwise of Defendants DOES 1-6, inclusive, are unknown to
23  Plaintiff, who otherwise sue these Defendants by such fictitious names.  Plaintiff
24  will seek leave to amend this complaint to show the true names and capacity of
25  these Defendants when they have been ascertained.  Each of the fictitiously named
26  Defendants are responsible in some manner for the conduct or liabilities alleged
27  herein.

28

-4-

13.16. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

14.17. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

15.18. DOES 1-7 DEFENDANT OFFICERS are sued in their individual capacity. "DEFENDANT OFFICERS" includes LEWY, BLAKE, and VINCENT.

16.19. On or around August 23, 2024, Plaintiff filed a comprehensive and timely claim for damages with the City of Pasadena pursuant to applicable sections of the California Government Code. The claim was rejected on September 30, 2024. Plaintiff has complied with the requirements of the Government Code for the timely filing of formal claims with the City of Pasadena.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17.20. Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

18.21. On April 13, 2024, DOE OFFICERS LEWY and BLAKE contacted DECEDENT when DECEDENT was in his vehicle, a white pick-up truck. During this contact, DECEDENT drove away in his vehicle. DOE OFFICERS LEWY AND BLAKE pursued DECEDENT in their patrol vehicles. The vehicle pursuit ended when DECEDENT's vehicle collided with an unoccupied vehicle parked in the front yard of a residence. DECEDENT exited his vehicle and ran into the backyard of the

-5-

1  residence located in the 800 block of Arden Road. Additional CITY officers
2  responded and set up a containment perimeter. ~~DOE OFFICERS~~LEWY  deployed a
3  police K-9 on DECEDENT. The police K-9 bit DECEDENT, and DECEDENT
4  cried out in pain. When the police K-9 was biting DECEDENT, multiple CITY
5  officers, including ~~DOE OFFICERS~~DEFENDANT OFFICERS, were on scene.
6  LEWY, BLAKE, and VINCENT had ~~with~~ their weapons pointed at DECEDENT.
7  When DECEDENT was on the ground, being bitten by the police K-9 and crying
8  out in pain, ~~DOE OFFICERS~~ LEWY, BLAKE, and VINCENT ~~f~~ fired multiple shots
9  at DECEDENT.  DECEDENT was struck by shots.
10      ~~19.~~22. As a result of the shooting, DECEDENT died and lost his earning
11  capacity.  Prior to his death, DECEDENT suffered pain from the K-9 deployment
12  and the gunshot wounds~~s~~.
13      ~~20.~~23. On information and belief, DECEDENT never pointed a weapon at any
14  officer and never verbally threatened to harm any officer. DECEDENT posed no
15  immediate threat of death or serious bodily injury during this incident, and the
16  DEFENDANT OFFICERS had other reasonable alternative measures other than
17  shooting.  Further, on information and belief, ~~DOE OFFICERS~~ the DEFENDANT
18  OFFICERS ~~did~~ not give DECEDENT appropriate commands or an adequate verbal
19  warning that deadly force would be used prior to shooting.  Therefore, the shooting,
20  was excessive, unreasonable, unjustified, inappropriate, and contrary to basic police
21  training.
22      ~~21.~~24. Prior to the shooting, the ~~officers~~ DEFENDANT OFFICERS engaged
23  in pre-shooting negligent tactics.
24      ~~22.~~25. Plaintiff is DECEDENT's successor in interest as defined in Section
25  377.11 of the California Code of Civil Procedure and each succeed to
26  DECEDENT's interest in this action as the natural mother of DECEDENT.
27
28

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against ~~the DEFENDANT OFFICERS Defendants DOE OFFICERS~~)

~~23.~~26. Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

~~24.~~27. On April 13, 2024, ~~DOE OFFICERS~~LEWY and BLAKE contacted DECEDENT when DECEDENT was in his vehicle, a white pick-up truck. During this contact, DECEDENT drove away in his vehicle. ~~DOE OFFICERS~~ LEWY and BLAKE pursued DECEDENT in their vehicles. The vehicle pursuit ended when DECEDENT's vehicle collided with an unoccupied vehicle parked in the front yard of a residence. DECEDENT exited his vehicle and ran into the backyard of the residence. Additional CITY officers responded and set up a containment perimeter. ~~DOE OFFICERS~~LEWY deployed a police K-9 on DECEDENT. The police K-9 bit DECEDENT, and DECEDENT cried out in pain. When the police K-9 was biting DECEDENT, multiple CITY officers, including ~~DOE OFFICERS~~DEFENDANT OFFICERS, were on scene. LEWY, BLAKE, and VINCENT ~~with~~had their weapons pointed at DECEDENT. When DECEDENT was on the ground, being bitten by the police K-9 and crying out in pain, ~~DOE OFFICERS~~ LEWY, BLAKE, and VINCENT fired multiple shots at DECEDENT.

~~25.~~28. On information and belief, DECEDENT never pointed a weapon at any officer and never verbally threatened to harm any officer. DECEDENT posed no immediate threat of death or serious bodily injury during this incident. Therefore, the shooting, was excessive, unreasonable, unjustified, inappropriate, and contrary to basic police training.

~~26.~~29. As a result of the shooting, DEECEDENT died and lost his earning capacity. Prior to his death, DECEDENT suffered pain from the K-9 deployment and the gunshots.

-7-

27.30.DOE OFFICERS LEWY, BLAKE, and VINCENT'S unjustified and shooting and unjustified deployment of the K-9 against DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.31.As a result of their misconduct, the DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the uses of excessive force, or because they failed to intervene to prevent these violations.

29.32.The conduct of the DEFENDANT OFFICERS Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the DEFENDANT OFFICERS Defendants DOE OFFICERS.

30.33.As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death after the shooting, loss of enjoyment of life, loss of life, and loss of earning capacity. Plaintiff brings this claim as a successor in interest to DECEDENT, and seeks survival damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees and costs under this claim.

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERSDEFENDANT OFFICERS))

31.34.Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

-8-
FIRST AMENDED COMPLAINT FOR DAMAGES

1    32.35. After being bitten by the police K-9 and shot by lethal rounds,

2    DECEDENT was immobile, bleeding profusely, and in obvious and critical need of

3    emergency medical care and treatment.  Defendants did not timely summon medical

4    care or permit medical personnel to treat DECEDENT.  The delay of medical care to

5    DECEDENT caused DECEDENT extreme physical and emotional pain and

6    suffering and was a contributing cause of DECEDENT's death.

7    33.36. The denial of medical care by the defendant officers deprived

8    DECEDENT of his right to be secure in his person against unreasonable searches

9    and seizures as guaranteed to him under the Fourth Amendment to the United States

10   Constitution and applied to state actors by the Fourteenth Amendment.

11   34.37. Defendants DOE OFFICERS DEFENDANT OFFICERS knew that

12   failure to provide timely medical treatment to DECEDENT could result in further

13   significant injury or the unnecessary and wanton infliction of pain, but disregarded

14   that serious medical need, causing DECEDENT great bodily harm and death.

15   35.38. The conduct of DOE OFFICERS DEFENDANT OFFICERS -was

16   willful, wanton, malicious, and done with reckless disregard for the rights and safety

17   of DECEDENT and therefore warrants the imposition of exemplary and punitive

18   damages as to Defendants DOE OFFICERS DEFENDANT OFFICERS.

19   36.39. As a result of their misconduct, Defendants DOE

20   OFFICERS DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT

21   are liable for DECEDENT's injuries, either because they were integral participants

22   in the denial of medical care, or because they failed to intervene to prevent these

23   violations.

24   37.40. As a result of the foregoing, DECEDENT suffered great physical pain

25   and emotional distress up to the time of his death, loss of enjoyment of life, loss of

26   life, and loss of earning capacity.  Plaintiff brings this claim as a successor in

27   interest to DECEDENT, and seeks survival damages for the violation of

28

-9-
FIRST AMENDED COMPLAINT FOR DAMAGES

1  DECEDENT's rights.  Plaintiff further seeks attorney's fees and costs under this
2  claim.
3
4  **THIRD CLAIM FOR RELIEF**
5  **Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**
6  (Against ~~Defendants DOE OFFICERS~~DEFENDANT OFFICERS)
7  ~~38.~~41.Plaintiff repeats and re-alleges each and every allegation in the prior
8  paragraphs of this Complaint with the same force and effect as if fully set forth
9  herein.
10  ~~39.~~42.Plaintiff had a cognizable interest under the Due Process Clause of the
11  Fourteenth Amendment of the United States Constitution to be free from state
12  actions that deprive her of life, liberty, or property in such a manner as to shock the
13  conscience, including but not limited to unwarranted state interference in Plaintiff'
14  familial relationship with her son, DECEDENT.
15  ~~40.~~43.The aforementioned actions of ~~DOE OFFICERS~~DEFENDANT
16  OFFICERS, including deploying the police K-9 and shooting him with a lethal
17  firearm, and denying him medical care, along with other undiscovered conduct,
18  shock the conscience, in that they acted with deliberate indifference to the
19  constitutional rights of DECEDENT and Plaintiff, and with purpose to harm
20  unrelated to any legitimate law enforcement objective.
21  ~~41.~~44.~~DOE OFFICERS~~DEFENDANT OFFICERS -thus violated the
22  substantive due process rights of Plaintiff to be free from unwarranted interference
23  with her familial relationship with DECEDENT, her son.
24  ~~42.~~45.As a direct and proximate cause of the acts of ~~DOE~~
25  ~~OFFICERS~~DEFENDANT OFFICERS, Plaintiff suffered emotional distress, mental
26  anguish, and pain.  Plaintiff has also been deprived of the life-long love,
27
28

-10-

1  companionship, comfort, support, society, care, and sustenance of DECEDENT, and

2  will continue to be so deprived for the remainder of her natural life.

3      43.46. The conduct of DOE OFFICERSDEFENDANT OFFICERS was

4  willful, wanton, malicious, and done with reckless disregard for the rights and safety

5  of DECEDENT and Plaintiff, and therefore warrants the imposition of exemplary

6  and punitive damages as to Defendants DOE OFFICERSDEFENDANT

7  OFFICERS, including LEWY, BLAKE, and VINCENT.

8      44.47. Plaintiff brings this claim individually and seeks wrongful death

9  damages under this claim for the interference with her familial relationship with

10 DECEDENT.  Plaintiff seeks attorney's fees and costs under this claim.

11

12

13

14 //

15

16                          **FOURTH CLAIM FOR RELIEF**

17              **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

18                  (Against Defendants CITY and DOES 8-106-7)

19      45.48. Plaintiff repeats and re-alleges each and every allegation in the prior

20 paragraphs of this Complaint with the same force and effect as if fully set forth

21 herein.

22      46.49. Defendants DOE OFFICERSDEFENDANT OFFICERS acted under

23 color of law.

24      47.50. The acts of Defendants DOE OFFICERSDEFENDANT OFFICERS

25 deprived DECEDENT and Plaintiff of their particular rights under the United States

26 Constitution.

27

28

-11-

Formatted: Font: Not Bold

1    48.51. The training policies of Defendant CITY were not adequate to train its

2    police officers to handle the usual and recurring situations with which they must

3    deal.

4    49.52. Defendant CITY was deliberately indifferent to the obvious

5    consequences of its failure to train its police officers adequately.

6    50.53. The failure of Defendant CITY to provide adequate training caused the

7    deprivation of DECEDENT's rights by Defendants DOE OFFICERSDEFENDANT

8    OFFICERS; that is, the supervisory and municipal defendants' failures to train is so

9    closely related to the deprivation of DECEDENT's rights as to be the moving force

10    that caused the ultimate injury.

11    51.54. By reason of the aforementioned acts and omissions, Plaintiff has

12    suffered loss of the love, companionship, affection, comfort, care, society, training,

13    guidance, and past and future support of DECEDENT.  The aforementioned acts and

14    omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

15    and death.

16    52.55. Accordingly, Defendants CITY and DOES 8-106-7 each are liable to

17    Plaintiff for compensatory damages under 42 U.S.C. § 1983.

18    53.56. Plaintiff brings this claim as a successor in interest to DECEDENT and

19    seek both survival and wrongful death damages under this claim.  Plaintiff also seek

20    attorney's fees and costs under this claim.

21

22    **FIFTH CLAIM FOR RELIEF**

23    **Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

24    (Against Defendants CITY and DOES 8-106-7)

25    54.57. Plaintiff repeats and re-alleges each and every allegation in the prior

26    paragraphs of this Complaint with the same force and effect as if fully set forth

27    herein.

28

-12-

55.58. Defendants DOE OFFICERSDEFENDANT OFFICERS acted under color of law.

56.59. Defendants DOE OFFICERSDEFENDANT OFFICERS -acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

57.60. On information and belief, Defendants DOE OFFICERSDEFENDANT OFFICERS -were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the unlawful detention and arrest of DECEDENT, the uses of force against DECEDENT, the denial of medical care to DECEDENT, or DECEDENT's death.

58.61. Defendants DOES 8-106-7, together with other CITY policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive use of deadly force and excessive use of less-lethal force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Making unlawful detentions and arrests;

(d) Employing and retaining as police officers individuals such as Defendants DOE OFFICERSDEFENDANT OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e) Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, including DOE OFFICERSDEFENDANT OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

-13-
FIRST AMENDED COMPLAINT FOR DAMAGES

1       (f)    Maintaining grossly inadequate procedures for reporting,

2               supervising, investigating, reviewing, disciplining and

3               controlling misconduct by CITY police officers;

4       (g)    Failing to adequately discipline CITY police officers,

5               respectively, for the above-referenced categories of misconduct,

6               including "slaps on the wrist," discipline that is so slight as to be

7               out of proportion to the magnitude of the misconduct, and other

8               inadequate discipline that is tantamount to encouraging

9               misconduct;

10      (h)    Announcing that unjustified shootings are "within policy,"

11              including shootings that were later determined in court to be

12              unconstitutional;

13      (i)    Even where shootings are determined in court to be

14              unconstitutional, refusing to discipline, terminate, or retrain the

15              officers/deputies involved;

16      (j)    Encouraging, accommodating, or facilitating a "blue code of

17              silence," "blue shield," "blue wall," "blue curtain," "blue veil,"

18              or simply "code of silence," pursuant to which police officers do

19              not report other officers' errors, misconduct, or crimes. Pursuant

20              to this code of silence, if questioned about an incident of

21              misconduct involving another officer, while following the code,

22              the officer being questioned will claim ignorance of the other

23              officers' wrongdoing; and

24      (k)    Maintaining a policy of inaction and an attitude of indifference

25              towards soaring numbers of police shootings and other uses of

26              force.

27

28

-14-

FIRST AMENDED COMPLAINT FOR DAMAGES

59.62. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

60.63. Defendants CITY and DOES 8-10 6-7, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

61.64. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 8-10 6-7, acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 8-10 6-7, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

62.65. Accordingly, Defendants CITY and DOES 8-10 6-7, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

63.66. Plaintiff brings this claim individually and as successor in interest to DECEDENT and seek both survival and wrongful death damages under this claim. Plaintiff seeks attorney's fees and costs under this claim.

-15-
FIRST AMENDED COMPLAINT FOR DAMAGES

1    **SIXTH CLAIM FOR RELIEF**

2    **Battery** (wrongful death and survival claim)

3    (Against Defendants CITY and DEFENDANT OFFICERS, DOE OFFICERS)

4    64.67.Plaintiff repeats and re-alleges each and every allegation in the prior

5    paragraphs of this Complaint with the same force and effect as if fully set forth

6    herein.

7    65.68.As a direct and proximate result of the conduct of the DEFENDANT

8    OFFICERS, including DOE OFFICERS LEWY, BLAKE, and VINCENT, as

9    alleged above, DECEDENT sustained injuries, died from his injuries and also lost

10   his earning capacity.  As a direct and proximate result of the conduct of DOE

11   OFFICERS the DEFENDANT OFFICERS, including LEWY, BLAKE, and

12   VINCENT as  as alleged above, DECEDENT suffered survival damages pursuant to

13   Code of Civil Procedure Section 377.34.

14   66.69.At all relevant times, DOE OFFICERS the DEFENDANT OFFICERS,

15   including LEWY, BLAKE, and VINCENT were working as police officers for the

16   City of Pasadena Police Department and were acting within the course and scope of

17   their duties as police officers for the CITY, and are liable pursuant to section 820(a)

18   of the California Government Code.

19   67.70.Defendant CITY is vicariously liable for the wrongful acts of DOE

20   OFFICERS the DEFENDANT OFFICERS, including LEWY, BLAKE, and

21   VINCENT pursuant to section 815.2(a) of the California Government Code, which

22   provides that a public entity is liable for the injuries caused by its employees within

23   the scope of the employment if the employee's act would subject him or her to

24   liability.

25   68.71.The conduct of DOE OFFICERS the DEFENDANT OFFICERS,

26   including LEWY, BLAKE, and VINCENT was malicious, wanton, oppressive, and

27   accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT,

28

-16-

Formatted: Font: Not Bold

1  entitling Plaintiff, individually and as the successor in interest to DECEDENT, to an

2  award of exemplary and punitive damages as to Defendants ~~DOE OFFICERS~~ the

3  DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT.

4      ~~69.~~72. Plaintiff brings this claim individually and as a successor in interest to

5  DECEDENT, and seeks both survival damages and wrongful death damages under

6  this claim.

7                          **SEVENTH CLAIM FOR RELIEF**

8                    **Negligence** (wrongful death and survival claim)

9                              (Against all Defendants)

10     ~~70.~~73. Plaintiff repeats and re-alleges each and every allegation in the prior

11  paragraphs of this Complaint with the same force and effect as if fully set forth

12  herein.

13     ~~71.~~74. Police officers, including ~~DOE OFFICERS~~ LEWY, BLAKE, and

14  VINCENT~~,~~ have a duty to use reasonable care to prevent harm or injury to others.

15  This duty includes only making lawful detentions and arrests, using appropriate

16  tactics, giving appropriate commands, giving warnings, and not using any force

17  unless necessary, using less than lethal options, and only using deadly force as a last

18  resort.

19     ~~72.~~75. ~~Defendants DOE OFFICERS~~DEFENDANT OFFICERS breached this

20  duty of care.  The actions and inactions of ~~Defendants DOE~~

21  ~~OFFICERS~~DEFENDANT OFFICERS were negligent and reckless, including but

22  not limited to:

23          (a)    the failure to properly and adequately assess the need to use

24                 force against DECEDENT, and negligent deployment of the K-9

25                 and negligent use of deadly force;

26          (b)    the negligent tactics and handling of the situation with

27                 DECEDENT, including pre-shooting negligence;

28

(c)    the negligent use of force, including deadly force, against DECEDENT;

(d)    the failure to provide prompt medical care to DECEDENT after the shooting;

(e)    the failure to properly train and supervise employees, both professional and non-professional, including ~~DOE OFFICERS~~DEFENDANT OFFICERS; and

(f)    the negligent communication of information during the incident.

~~73.~~76. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered emotional distress and mental anguish.  Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

~~74.~~77. At all relevant times, ~~DOE OFFICERS~~DEFENDANT OFFICERS were working as police officers for the City of Pasadena Police Department and were acting within the course and scope of their duties as police officers for the CITY, and are liable pursuant to section 820(a) of the California Government Code.

~~75.~~78. Defendant CITY is vicariously liable for the wrongful acts of ~~DOE OFFICERS~~DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

~~76.~~79. Plaintiff brings this claim individually and as a successor in interest to DECEDENT, and seeks both wrongful death and survival damages under this claim.

-18-

FIRST AMENDED COMPLAINT FOR DAMAGES

1

**EIGHTH CLAIM FOR RELIEF**

2

**(Violation of Cal. Civil Code § 52.1)**

3

(Against all Defendants)

4        ~~77.~~80. Plaintiff repeats and re-alleges each and every allegation in the prior

5    paragraphs of this Complaint with the same force and effect as if fully set forth

6    herein.

7        ~~78.~~81. California Civil Code, Section 52.1 (the Bane Act), prohibits any

8    person from using violent acts or threatening to commit violent acts in retaliation

9    against any person for exercising that person's constitutional rights, which can be

10   shown by a reckless disregard for that person's civil rights.  ~~DOE~~

11   ~~OFFICERS~~DEFENDANT OFFICERS intended to interfere with DECEDENT's

12   constitutional rights, did successfully interfere with DECEDENT's constitutional

13   rights, and also acted with reckless disregard for DECEDENT's constitutional

14   rights.

15       ~~79.~~82. ~~Defendants DOE OFFICERS~~DEFENDANT OFFICERS intentionally

16   committed and attempted to commit acts of violence against DECEDENT.

17       ~~80.~~83. On information and belief, Defendants intentionally committed the

18   above acts to discourage DECEDENT from exercising his civil rights, to retaliate

19   against him for invoking such rights, or to prevent him from exercising such rights,

20   which he was fully entitled to enjoy.

21       ~~81.~~84. On information and belief, DECEDENT reasonably believed and

22   understood that the violent acts committed by ~~Defendants DOE~~

23   ~~OFFICERS~~DEFENDANT OFFICERS were intended to discourage him from

24   exercising his constitutional rights, to retaliate against him for invoking such rights,

25   or to prevent him from exercising such rights.

26

27

28

1    ~~82.~~85. The conduct of ~~Defendants DOE OFFICERS~~DEFENDANT
2    OFFICERS ~~-~~was a substantial factor in causing DECEDENT's and Plaintiff's
3    harms, losses, injuries, and damages.

4    ~~83.~~86. At all relevant times, ~~DOE OFFICERS~~DEFENDANT OFFICERS
5    were working as police officers for the City of Pasadena Police Department and
6    were acting within the course and scope of their duties as police officers for the
7    CITY, and are liable pursuant to section 820(a) of the California Government Code.

8    ~~84.~~87. Defendant CITY is vicariously liable for the wrongful acts of ~~DOE~~
9    ~~OFFICERS~~DEFENDANT OFFICERS ~~-~~pursuant to section 815.2(a) of the
10   California Government Code, which provides that a public entity is liable for the
11   injuries caused by its employees within the scope of the employment if the
12   employee's act would subject him or her to liability.

13   ~~85.~~88. The conduct of Defendants was malicious, wanton, oppressive, and
14   accomplished with a conscious disregard for DECEDENT's and Plaintiff' rights,
15   justifying an award of exemplary and punitive damages as to ~~Defendants DOE~~
16   ~~OFFICERS~~DEFENDANT OFFICERS.

17   ~~86.~~89. Plaintiff brings this claim as a successor in interest to DECEDENT, and
18   seeks both wrongful death and survival damages under this claim. Plaintiff seeks
19   attorney's fees and costs under this claim pursuant to Cal. Civ. Code §52.1.

20
21
22
23
24
25
26
27
28

-20-
FIRST AMENDED COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DAISY ALVAREZ requests entry of judgment in their favor and against Defendants CITY OF PASADENA, LEWY, BLAKE, VINCENT and DOES 1-65 and DOES 1-10, as follows:

   A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

   B. For funeral and burial expenses, and loss of financial support;

   C. For punitive damages against the individual defendants in an amount to be proven at trial;

   D. For interest;

   E. For reasonable attorneys' fees, including litigation expenses;

   F. For costs of suit; and

   G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: July 30, 2025   LAW OFFICES OF DALE K. GALIPO

        */s/ Dale K. Galipo*

        Dale K. Galipo
        Renee V. Masongsong
        *Attorneys for Plaintiff*

DATED: July 30, 2025   CONLOGUE LAW, LLP

        /s/ Kevin S. Conlogue

        Kevin S. Conlogue
        Ashley M. Conlogue
        *Attorneys for Plaintiff*

Formatted: Left

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff DAISY ALVAREZ hereby demands a trial by jury.

3

4   DATED: July 30, 2025      LAW OFFICES OF DALE K. GALIPO

5                             /s/ *Dale K. Galipo*

6                             Dale K. Galipo

7                             Renee V. Masongsong
                               *Attorneys for Plaintiff*

8

9

10   DATED: July 30, 2025      CONLOGUE LAW, LLP

11                             /s/ Kevin S. Conlogue

12                             Kevin S. Conlogue

13                             Ashley M. Conlogue
                             *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-

FIRST AMENDED COMPLAINT FOR DAMAGES