# EXHIBIT B

Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

Kevin S. Conlogue, Esq. (SBN 285277)
Kevin@LOKSC.com
CONLOGUE LAW, LLP
8383 Wilshire Blvd.
Beverly Hills, CA 90211
Tel: (213) 255-8837

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAISY ALVAREZ, individually and as successor in interest to Ricardo Andrade, deceased,<br><br>            Plaintiff,<br><br>   vs.<br><br>CITY OF PASADENA; JOHN LEWY; KALVIN BLAKE; TAYLOR VINCENT; and DOES 1-7<br><br>            Defendants. | Case No. 2:25-cv-02490-MWF-PVC<br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)<br>4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Battery (wrongful death and survival)<br>7. Negligence (wrongful death and survival)<br>8. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff DAISY ALVAREZ, individually and as successor in interest to Ricardo Andrade, deceased, for her Complaint against Defendants CITY OF PASADENA, JOHN LEWY, KALVIN BLAKE, TAYLOR VINCENT, and DOES 1-7 inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's son, Ricardo Andrade ("DECEDENT"), on April 13, 2024.

## PARTIES

4.      At all relevant times, DECEDENT was an individual residing in San Fernando, California.

FIRST AMENDED COMPLAINT FOR DAMAGES

5.    Plaintiff DAISY ALVAREZ ("ALVAREZ") is an individual residing in Sycamore, Illinois, and is the natural mother of DECEDENT.  ALVAREZ sues in her individual capacity as the mother of DECEDENT and also as a successor in interest to DECEDENT.  ALVAREZ seeks both survival and wrongful death damages under federal and state law.

6.    At all relevant times, Defendant CITY OF PASADENA ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Pasadena Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Pasadena Police Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants JOHN LEWY, KALVIN BLAKE, TAYLOR VINCENT, and DOES 1-7.

7.    Defendant JOHN LEWY ("LEWY") is, and was at the time of this incident, a police officer working for the Pasadena Police Department.  At all relevant times, LEWY was acting under color of law and within the course and scope of his duties as a police officer for the Pasadena Police Department.  At all relevant times, LEWY was acting with the complete authority and ratification of his principal, Defendant CITY.  LEWY is one of the officers who, on April 13, 2024, at approximately 9:12 p.m., in the rear yard of a residence located at or near the 700 block of Oak Knoll Circle, deployed a police K-9 against DECEDENT, fired lethal shots at DECEDENT, and integrally participated in or failed to intervene in the uses of force against DECEDENT.

8.    Defendant KALVIN BLAKE ("BLAKE") is, and was at the time of this incident, a police officer working for the Pasadena Police Department.  At all relevant times, BLAKE was acting under color of law and within the course and scope of his duties as a police officer for the Pasadena Police Department.  At all relevant times, BLAKE was acting with the complete authority and ratification of his principal, Defendant CITY.  BLAKE is one of the officers who, on April 13, 2024, at approximately 9:12 p.m., in the rear yard of a residence located at or near the 700 block of Oak Knoll Circle, fired lethal shots at DECEDENT and integrally participated in or failed to intervene in the uses of force against DECEDENT.

9.    Defendant TAYLOR VINCENT ("VINCENT") is, and was at the time of this incident, a police officer working for the Pasadena Police Department.  At all relevant times, VINCENT was acting under color of law and within the course and scope of his duties as a police officer for the Pasadena Police Department.  At all relevant times, VINCENT was acting with the complete authority and ratification of his principal, Defendant CITY.  VINCENT is one of the officers who, on April 13, 2024, at approximately 9:12 p.m., in the rear yard of a residence located at or near the 700 block of Oak Knoll Circle, fired lethal shots at DECEDENT and integrally participated in or failed to intervene in the uses of force against DECEDENT.

10.    Defendants DOES 1-5 ("OFFICER DOES") are, and were at the time of this incident, police officers working for the Pasadena Police Department.  At all relevant times, OFFICER DOES were acting under color of law and within the course and scope of their duties as police officers for the Pasadena Police Department.  At all relevant times, OFFICER DOES were acting with the complete authority and ratification of their principal, Defendant CITY.  OFFICER DOES are the officers who, on April 13, 2024, at approximately 9:12 p.m., in the rear yard of a residence located at or near the 700 block of Oak Knoll Circle, used force against

DECEDENT and/or integrally participated in or failed to intervene in the uses of force against DECEDENT.

11.     Defendants DOES 6-7 are, and were at the time of this incident, managerial, supervisorial, and policymaking employees of the Pasadena Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Pasadena Police Department.  At all relevant times, DOES 6-7 were acting with the complete authority and ratification of their principal, Defendant CITY.

12.     On information and belief, LEWY, BLAKE, VINCENT, and DOES 1-5 (collectively "DEFENDANT OFFICERS") were residents of the CITY of Pasadena.

13.     In doing the acts and failing and omitting to act as hereinafter described, the DEFENDANT OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 6-7 and the CITY.

14.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANT OFFICERS and DOES 6-7 were acting on the implied and actual permission and consent of the CITY.

15.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-7, inclusive, are unknown to Plaintiff, who otherwise sue these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants are responsible in some manner for the conduct or liabilities alleged herein.

16.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

17.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

18.    DEFENDANT OFFICERS are sued in their individual capacity. "DEFENDANT OFFICERS" includes DOES 1-5, LEWY, BLAKE, and VINCENT.

19.    On or around August 23, 2024, Plaintiff filed a comprehensive and timely claim for damages with the City of Pasadena pursuant to applicable sections of the California Government Code.  The claim was rejected on September 30, 2024. Plaintiff has complied with the requirements of the Government Code for the timely filing of formal claims with the City of Pasadena.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

20.    Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

21.    On April 13, 2024, LEWY and BLAKE contacted DECEDENT when DECEDENT was in his vehicle, a white pick-up truck. During this contact, DECEDENT drove away in his vehicle. LEWY AND BLAKE pursued DECEDENT in their patrol vehicles. The vehicle pursuit ended when DECEDENT's vehicle collided with an unoccupied vehicle parked in the front yard of a residence. DECEDENT exited his vehicle and ran into the backyard of the residence located in the 800 block of Arden Road. Additional CITY officers responded and set up a containment perimeter. LEWY deployed a police K-9 on DECEDENT. The police K-9 bit DECEDENT, and DECEDENT cried out in pain.

When the police K-9 was biting DECEDENT, multiple CITY officers, including DEFENDANT OFFICERS, were on scene. LEWY, BLAKE, and VINCENT had their weapons pointed at DECEDENT. When DECEDENT was on the ground, being bitten by the police K-9 and crying out in pain,  LEWY, BLAKE, and VINCENT fired multiple shots at DECEDENT.  DECEDENT was struck by shots.

22.    As a result of the shooting, DEECEDENT died and lost his earning capacity.  Prior to his death, DECEDENT suffered pain from the K-9 deployment and the gunshot wounds.

23.    On information and belief, DECEDENT never pointed a weapon at any officer and never verbally threatened to harm any officer. DECEDENT posed no immediate threat of death or serious bodily injury during this incident, and the DEFENDANT OFFICERS had other reasonable alternative measures other than shooting.  Further, on information and belief, the DEFENDANT OFFICERS did not give DECEDENT appropriate commands or an adequate verbal warning that deadly force would be used prior to shooting.  Therefore, the shooting, was excessive, unreasonable, unjustified, inappropriate, and contrary to basic police training.

24.    Prior to the shooting, the DEFENDANT OFFICERS engaged in pre-shooting negligent tactics.

25.    Plaintiff is DECEDENT's successor in interest as defined in Section 377.11 of the California Code of Civil Procedure and each succeed to DECEDENT's interest in this action as the natural mother of DECEDENT.


**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against the DEFENDANT OFFICERS )

26.    Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27.    On April 13, 2024, LEWY and BLAKE contacted DECEDENT when DECEDENT was in his vehicle, a white pick-up truck.  During this contact, DECEDENT drove away in his vehicle.  LEWY and BLAKE  pursued DECEDENT in their vehicles. The vehicle pursuit ended when DECEDENT's vehicle collided with an unoccupied vehicle parked in the front yard of a residence.  DECEDENT exited his vehicle and ran into the backyard of the residence. Additional CITY officers responded and set up a containment perimeter.  LEWY deployed a police K-9 on DECEDENT. The police K-9 bit DECEDENT, and DECEDENT cried out in pain. When the police K-9 was biting DECEDENT, multiple CITY officers, including DEFENDANT OFFICERS, were on scene.  LEWY, BLAKE, and VINCENT had their weapons pointed at DECEDENT. When DECEDENT was on the ground, being bitten by the police K-9 and crying out in pain,  LEWY, BLAKE, and VINCENT fired multiple shots at DECEDENT.

28.    On information and belief, DECEDENT never pointed a weapon at any officer and never verbally threatened to harm any officer. DECEDENT posed no immediate threat of death or serious bodily injury during this incident.  Therefore, the shooting, police K-9 deployment, and other uses of force were excessive, unreasonable, unjustified, inappropriate, and contrary to basic police training.

29.    As a result of the shooting, DEECEDENT died and lost his earning capacity.  Prior to his death, DECEDENT suffered pain from the K-9 deployment and the gunshots.

30.     LEWY, BLAKE, and VINCENT'S unjustified shooting and unjustified deployment of the K-9 against DECEDENT, along with other undiscovered uses of force, deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31.    As a result of their misconduct, the DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT are liable for DECEDENT's injuries, either because they were integral participants in the uses of excessive force, or because they failed to intervene to prevent these violations.

32.    The conduct of the DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the DEFENDANT OFFICERS .

33.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death after the shooting, loss of enjoyment of life, loss of life, and loss of earning capacity.  Plaintiff brings this claim as a successor in interest to DECEDENT, and seeks survival damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against the DEFENDANT OFFICERS)

34.    Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

35.    After being bitten by the police K-9 and shot by lethal rounds, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering and was a contributing cause of DECEDENT's death.

36.    The denial of medical care by the defendant officers deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.    DEFENDANT OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

38.    The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

39.    As a result of their misconduct, DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

40.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.  Plaintiff brings this claim as a successor in interest to DECEDENT, and seeks survival damages for the violation of DECEDENT's rights.  Plaintiff further seeks attorney's fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

(Against DEFENDANT OFFICERS)

41.    Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42.    Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

43.    The aforementioned actions of DEFENDANT OFFICERS, including deploying the police K-9 and shooting him with a lethal firearm, and denying him medical care, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

44.    DEFENDANT OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT, her son.

45.    As a direct and proximate cause of the acts of DEFENDANT OFFICERS, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

46.    The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT

and Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT.

47.     Plaintiff brings this claim individually and seeks wrongful death damages under this claim for the interference with her familial relationship with DECEDENT.  Plaintiff seeks attorney's fees and costs under this claim.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-7)

48.     Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.     DEFENDANT OFFICERS acted under color of law.

50.     The acts of DEFENDANT OFFICERS deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

51.     The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

52.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

53.     The failure of Defendant CITY to provide adequate training caused the deprivation of DECEDENT's rights by DEFENDANT OFFICERS; that is, the supervisory and municipal defendants' failures to train is so closely related to the deprivation of DECEDENT's rights as to be the moving force that caused the ultimate injury.

54.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

55.     Accordingly, Defendants CITY and DOES 6-7 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

56.     Plaintiff brings this claim as a successor in interest to DECEDENT and seek both survival and wrongful death damages under this claim.  Plaintiff also seek attorney's fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 6-7)

57.     Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58.     DEFENDANT OFFICERS acted under color of law.

59.     DEFENDANT OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

60.     On information and belief, DEFENDANT OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the unlawful detention and arrest of DECEDENT, the uses of force against DECEDENT, the denial of medical care to DECEDENT, or DECEDENT's death.

61.     Defendants DOES 6-7, together with other CITY policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive use of deadly force and excessive use of less-lethal force;

(b)     Providing inadequate training regarding the use of deadly force;

(c)     Making unlawful detentions and arrests;

(d)     Employing and retaining as police officers individuals such as DEFENDANT OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)     Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, including DEFENDANT OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(f)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers;

(g)     Failing to adequately discipline CITY police officers, respectively, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)     Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

FIRST AMENDED COMPLAINT FOR DAMAGES

(i)  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers/deputies involved;

(j)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(k)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force.

62.  By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

63.  Defendants CITY and DOES 6-7, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

64.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 6-7, acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-7, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

65.     Accordingly, Defendants CITY and DOES 6-7, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

66.     Plaintiff brings this claim individually and as successor in interest to DECEDENT and seek both survival and wrongful death damages under this claim. Plaintiff seeks attorney's fees and costs under this claim.

## **SIXTH CLAIM FOR RELIEF**

**Battery** (wrongful death and survival claim)

(Against Defendants CITY and DEFENDANT OFFICERS )

67.     Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68.     As a direct and proximate result of the conduct of the DEFENDANT OFFICERS, including  LEWY, BLAKE, and VINCENT, as alleged above, DECEDENT sustained injuries, died from his injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of  the DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

69. At all relevant times, the DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT were working as police officers for the City of Pasadena Police Department and were acting within the course and scope of their duties as police officers for the CITY, and are liable pursuant to section 820(a) of the California Government Code.

70. Defendant CITY is vicariously liable for the wrongful acts of the DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71. The conduct of the DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as the successor in interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants the DEFENDANT OFFICERS, including LEWY, BLAKE, and VINCENT.

72. Plaintiff brings this claim individually and as a successor in interest to DECEDENT, and seeks both survival damages and wrongful death damages under this claim.

## SEVENTH CLAIM FOR RELIEF

**Negligence** (wrongful death and survival claim)

(Against all Defendants)

73. Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

74. Police officers, including LEWY, BLAKE, and VINCENT have a duty to use reasonable care to prevent harm or injury to others. This duty includes only

making lawful detentions and arrests, using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

75.     DEFENDANT OFFICERS breached this duty of care. The actions and inactions of DEFENDANT OFFICERS were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to use force against DECEDENT, and negligent deployment of the K-9 and negligent use of deadly force;

(b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)     the negligent use of force, including deadly force, against DECEDENT;

(d)     the failure to provide prompt medical care to DECEDENT after the shooting;

(e)     the failure to properly train and supervise employees, both professional and non-professional, including DEFENDANT OFFICERS; and

(f)     the negligent communication of information during the incident.

76.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

77.    At all relevant times, DEFENDANT OFFICERS were working as police officers for the City of Pasadena Police Department and were acting within the course and scope of their duties as police officers for the CITY, and are liable pursuant to section 820(a) of the California Government Code.

78.    Defendant CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79.    Plaintiff brings this claim individually and as a successor in interest to DECEDENT, and seeks both wrongful death and survival damages under this claim.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Against all Defendants)

80.    Plaintiff repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

81.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against any person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.  DEFENDANT OFFICERS intended to interfere with DECEDENT's constitutional rights, did successfully interfere with DECEDENT's constitutional rights, and also acted with reckless disregard for DECEDENT's constitutional rights.

82.    DEFENDANT OFFICERS intentionally committed and attempted to commit acts of violence against DECEDENT.

83.    On information and belief, Defendants intentionally committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

84.    On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by DEFENDANT OFFICERS were intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

85.    The conduct of DEFENDANT OFFICERS was a substantial factor in causing DECEDENT's and Plaintiff's harms, losses, injuries, and damages.

86.    At all relevant times, DEFENDANT OFFICERS were working as police officers for the City of Pasadena Police Department and were acting within the course and scope of their duties as police officers for the CITY, and are liable pursuant to section 820(a) of the California Government Code.

87.    Defendant CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

88.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff' rights, justifying an award of exemplary and punitive damages as to DEFENDANT OFFICERS.

89.    Plaintiff brings this claim as a successor in interest to DECEDENT, and seeks both wrongful death and survival damages under this claim. Plaintiff seeks attorney's fees and costs under this claim pursuant to Cal. Civ. Code §52.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DAISY ALVAREZ requests entry of judgment in their favor and against Defendants CITY OF PASADENA, LEWY, BLAKE, VINCENT and DOES 1-6 as follows:

A.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.  For funeral and burial expenses, and loss of financial support;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For interest;

E.  For reasonable attorneys' fees, including litigation expenses;

F.  For costs of suit; and

G.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED: July 30, 2025                    LAW OFFICES OF DALE K. GALIPO

                                        /s/ *Dale K. Galipo*
                                        _____
                                        Dale K. Galipo
                                        Renee V. Masongsong
                                        *Attorneys for Plaintiff*

DATED: July 30, 2025                    CONLOGUE LAW, LLP

                                        /s/ *Kevin S. Conlogue*
                                        _____
                                        Kevin S. Conlogue
                                        Ashley M. Conlogue
                                        *Attorneys for Plaintiff*

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff DAISY ALVAREZ hereby demands a trial by jury.

3

4   DATED: July 30, 2025                    LAW OFFICES OF DALE K. GALIPO

5                                           /s/ *Dale K. Galipo*

6                                           Dale K. Galipo
7                                           Renee V. Masongsong
                                            *Attorneys for Plaintiff*
8

9

10  DATED: July 30, 2025                    CONLOGUE LAW, LLP

11                                          /s/ *Kevin S. Conlogue*

12                                          Kevin S. Conlogue
                                            Ashley M. Conlogue
13                                          *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES