MICHELE BEAL BAGNERIS, City Attorney
State Bar No. 115423
mbagneris@cityofpasadena.net
ARNOLD F. LEE, Chief Assistant City Attorney
State Bar No. 278610
aflee@cityofpasadena.net
100 N. Garfield Avenue, Suite N210
Pasadena, CA 91101
Telephone: (626) 744-4141
Facsimile: (626) 744-4190

Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendant
CITY OF PASADENA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY ALVAREZ, individually and as successor in interest to Ricardo Andrade, deceased,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PASADENA; JOHN LEWY; KALVIN BLAKE; TAYLOR VINCENT; and DOES 1-7,<br><br>　　　　　Defendant. | Case No. 2:25-cv-02490-MWF-PVC<br><br>**DEFENDANT CITY OF PASADENA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>Judge: Michael W. Fitzgerald |

　　　　Comes now Defendant CITY OF PASADENA and hereby Answers the First Amended Complaint for Damages (hereinafter "Complaint") of Plaintiff DAISY ALVAREZ ("Plaintiff") in the above-entitled action, for itself and for no other parties, admit, deny, and allege as follows:

1. In answering paragraphs 1 and 2 of the First Amended Complaint, this answering Defendant admits that jurisdiction and venue are proper. This answering Defendant denies all remaining allegations.

2. In answering paragraphs 3, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 23, 24, 25, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89 and the prayer for relief of the First Amended Complaint, this answering Defendant denies any and all allegations of the respective paragraphs.  To the extent any statement of law is made therein, this answering Defendant asserts the law speaks for itself.

3. In answering paragraphs 4 and 5 of the First Amended Complaint, Defendant lacks sufficient information to respond to the allegations of the paragraphs and therefore denies any and all allegations.  To the extent any statement of law is made therein, Defendant asserts the law speaks for itself.

4. In answering paragraph 6 of the First Amended Complaint, Defendant admits that the City of Pasadena is a municipal entity organized and existing under the laws of the State of California.  This answering Defendant denies all remaining allegations.

5. In answering paragraph 7 of the First Amended Complaint, Defendant admits that at all relevant times Defendant John Lewy was a police officer working for the Pasadena Police Department.  This answering Defendant denies all remaining allegations.

6. In answering paragraph 8 of the First Amended Complaint, Defendant admits that at all relevant times Defendant Kalvin Blake was a police officer working for the Pasadena Police Department.  This answering Defendant denies all remaining allegations.

7. In answering paragraph 9 of the First Amended Complaint, Defendant admits that at all relevant times Defendant Taylor Vincent was a police officer

working for the Pasadena Police Department. This answering Defendant denies all remaining allegations.

8. In answering paragraphs 20, 26, 34, 41, 48, 57, 67, 73, and 80 of the Complaint, this answering Defendant hereby incorporates its admissions and denials to the Complaint.

9. In answering paragraph 21 and 27 of the First Amended Complaint, Defendant admits that on April 13, 2024, Pasadena Police Officers contacted decedent when he was in his vehicle, a white pickup truck. Defendant admits that decedent fled in his vehicle and that the pursuit ended when decedent collided with an unoccupied vehicle parked in front of a residence. Defendant admits that decedent then ran on foot. This answering Defendant denies all remaining allegations contained therein.

10. In answering paragraph 22 of the First Amended Complaint, Defendant admits that Decedent died as a result of this incident. This answering Defendant denies all remaining allegations.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

11. The First Amended Complaint fails to state a claim upon which relief can be granted. The First Amended Complaint also fails to state a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

12. Defendant denies that Plaintiff or Decedent have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

13. At all relevant times, the Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws. Any individual Defendants therefore assert qualified immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

14. Defendant denies that it violated Decedent's Fourth Amendment rights, or any other federal, constitutional, or other rights.

## FIFTH AFFIRMATIVE DEFENSE

15. To the extent that any force was used against Decedent, the force used was privileged and reasonable as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

16. Decedent's own conduct estops Plaintiff from claiming the damages alleged in the First Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

17. To the extent that Plaintiff has alleged a supplemental state law cause of action, she has failed to submit timely Government Claims, as required by the California Tort Claims Act of 1963, which is codified as California Government Code § 810-998.3, which bars this Court from hearing those claims.

## EIGHTH AFFIRMATIVE DEFENSE

18. Defendant is immune from liability for its actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

## NINTH AFFIRMATIVE DEFENSE

19. Plaintiff's cause of action for a Fourth Amendment violation is barred

because any force used by Defendant and their employees was privileged as reasonable to defend oneself or others.

### TENTH AFFIRMATIVE DEFENSE

20. To the extent that Plaintiff suffered any damages, which the Answering Defendant denies, the damages were suffered in whole, or in part, by the negligence of Plaintiff or Decedent, and the damages of Plaintiff should be reduced by a proportional amount.

### ELEVENTH AFFIRMATIVE DEFENSE

21. The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### TWELFTH AFFIRMATIVE DEFENSE

22. Plaintiff's damages, if any, should be reduced because of Plaintiff's or Decedent's failure to mitigate damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. Punitive Damages cannot be imposed against a public entity.

### FOURTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred by the failure to comply with the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff has failed to join necessary and/or indispensable parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

26. At all relevant times, each Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

27. At the time and place of the alleged incident and for some time before

then, the risks and dangers of the incident (assuming said risks and dangers existed) were fully known to and appreciated by Plaintiff and Decedent, and Plaintiff and Decedent thereby voluntarily assumed any and all risks and dangers, including the risk and danger of the alleged incident complained of in Plaintiff's Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

30. Any injury or damages suffered by Plaintiff or Decedent were caused solely by reason of Decedent's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of the Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

31. Any recovery on the Plaintiff's First Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiff and Decedent's own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

32. Because the First Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

| | | |
|---|---|---|
| 1 | Dated: August 19, 2025 | BURKE, WILLIAMS & SORENSEN, LLP |

By: _____/s/ Caylin W. Jones_____
      Nathan A. Oyster
      Caylin W. Jones
      Attorneys for Defendant
      CITY OF PASADENA

## DEMAND FOR JURY TRIAL

Defendant CITY OF PASADENA demands a trial before a jury on all issues presented by Plaintiff's First Amended Complaint triable to a jury.

WHEREFORE, Defendant CITY OF PASADENA prays that:

1. Judgment be rendered in favor of Defendant CITY OF PASADENA and against Plaintiff DAISY ALVAREZ;

2. Plaintiff DAISY ALVAREZ take nothing by this action;

3. Defendant CITY OF PASADENA be awarded costs of suit incurred herein; and

4. Defendant CITY OF PASADENA be awarded such other and further relief as the Court may deem necessary and proper.

Dated: August 19, 2025     BURKE, WILLIAMS & SORENSEN, LLP

By:     /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendant
CITY OF PASADENA