1  MICHELE BEAL BAGNERIS, City Attorney
   State Bar No. 115423
2  mbagneris@cityofpasadena.net
   ARNOLD F. LEE, Chief Assistant City Attorney
3  State Bar No. 278610
   aflee@cityofpasadena.net
4  100 N. Garfield Avenue, Suite N210
   Pasadena, CA 91101
5  Telephone: (626) 744-4141
   Facsimile: (626) 744-4190

6
   Nathan A. Oyster (SBN 225307)
7  E-mail:  noyster@bwslaw.com
   Caylin W. Jones (SBN 327829)
8  E-mail:  cjones@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
9  444 South Flower Street, 40th Floor
   Los Angeles, California 90071-2942
10 Tel:  213.236.0600 Fax:  213.236.2700

11 Attorneys for Defendants
   CITY OF PASADENA, JOHN LEWY,
12 KALVIN BLAKE, and TAYLOR
   VINCENT

13

14                UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16

17 DAISY ALVAREZ, individually and as       Case No. 2:25-cv-02490-MWF-PVC
   successor in interest to Ricardo
18 Andrade, deceased,                        **DEFENDANTS JOHN LEWY,
                                             KALVIN BLAKE, AND TAYLOR
19             Plaintiff,                    VINCENT'S ANSWER TO FIRST
                                             AMENDED COMPLAINT FOR
20        v.                                 DAMAGES; DEMAND FOR JURY
                                             TRIAL**
21 CITY OF PASADENA; JOHN LEWY;
   KALVIN BLAKE; TAYLOR
22 VINCENT; and DOES 1-7,                    Judge:   Michael W. Fitzgerald

23             Defendant.

24

25

26        Come now Defendants JOHN LEWY, KALVIN BLAKE, and TAYLOR

27 VINCENT hereby Answers the First Amended Complaint for Damages (hereinafter

28 "Complaint") of Plaintiff DAISY ALVAREZ ("Plaintiff") in the above-entitled

action, for themselves and for no other parties, admit, deny, and allege as follows:

1.      In answering paragraphs 1 and 2 of the First Amended Complaint, these answering Defendants admit that jurisdiction and venue are proper. These answering Defendants deny all remaining allegations.

2.      In answering paragraphs 3, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 23, 24, 25, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89 and the prayer for relief of the First Amended Complaint, these answering defendants deny any and all allegations of the respective paragraphs.  To the extent any statement of law is made therein, these answering Defendants asserts the law speaks for itself.

3.      In answering paragraphs 4 and 5 of the First Amended Complaint, Defendants lacks sufficient information to respond to the allegations of the paragraphs and therefore deny any and all allegations.  To the extent any statement of law is made therein, Defendants asserts the law speaks for itself.

4.      In answering paragraph 6 of the First Amended Complaint, Defendants admit that the City of Pasadena is a municipal entity organized and existing under the laws of the State of California.  These answering Defendants deny all remaining allegations.

5.      In answering paragraph 7 of the First Amended Complaint, Defendants admit that at all relevant times Defendant John Lewy was a police officer working for the Pasadena Police Department.  These answering Defendants deny all remaining allegations.

6.      In answering paragraph 8 of the First Amended Complaint, Defendants admit that at all relevant times Defendant Kalvin Blake was a police officer working for the Pasadena Police Department.  These answering Defendants deny all remaining allegations.

7.      In answering paragraph 9 of the First Amended Complaint, Defendants

admit that at all relevant times Defendant Taylor Vincent was a police officer working for the Pasadena Police Department.  These answering Defendants deny all remaining allegations.

8.    In answering paragraphs 20, 26, 34, 41, 48, 57, 67, 73, and 80 of the Complaint, these answering Defendants hereby incorporate its admissions and denials to the Complaint.

9.    In answering paragraph 21 and 27 of the First Amended Complaint, Defendants admit that on April 13, 2024, Pasadena Police Officers contacted decedent when he was in his vehicle, a white pickup truck.  Defendants admit that decedent fled in his vehicle and that the pursuit ended when decedent collided with an unoccupied vehicle parked in front of a residence.  Defendants admit that decedent then ran on foot. These answering Defendants deny all remaining allegations contained therein.

10.    In answering paragraph 22 of the First Amended Complaint, Defendants admit that Decedent died as a result of this incident. These answering Defendants deny all remaining allegations.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

11.    The First Amended Complaint fails to state a claim upon which relief can be granted.  The First Amended Complaint also fails to state a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

12.    Defendants deny that Plaintiff or Decedent have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4933-4051-4663 v1

3

## THIRD AFFIRMATIVE DEFENSE

13.    At all relevant times, the Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws.  Any individual Defendants therefore assert qualified immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

14.    Defendants deny that it violated Decedent's Fourth Amendment rights, or any other federal, constitutional, or other rights.

## FIFTH AFFIRMATIVE DEFENSE

15.    To the extent that any force was used against Decedent, the force used was privileged and reasonable as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

16.    Decedent's own conduct estops Plaintiff from claiming the damages alleged in the First Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

17.    To the extent that Plaintiff has alleged a supplemental state law cause of action, she has failed to submit timely Government Claims, as required by the California Tort Claims Act of 1963, which is codified as California Government Code § 810-998.3, which bars this Court from hearing those claims.

## EIGHTH AFFIRMATIVE DEFENSE

18.    Defendants are immune from liability for its actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

## NINTH AFFIRMATIVE DEFENSE

19.    Plaintiff's cause of action for a Fourth Amendment violation is barred

1  because any force used by Defendant and their employees was privileged as

2  reasonable to defend oneself or others.

### TENTH AFFIRMATIVE DEFENSE

4  20.    To the extent that Plaintiff suffered any damages, which the Answering

5  Defendants deny, the damages were suffered in whole, or in part, by the negligence

6  of Plaintiff or Decedent, and the damages of Plaintiff should be reduced by a

7  proportional amount.

### ELEVENTH AFFIRMATIVE DEFENSE

9  21.    The damages alleged were directly and proximately caused and

10  contributed to by the negligence of other persons, and the extent of damages

11  sustained, if any, should be reduced in proportion to the amount of said negligence.

### TWELFTH AFFIRMATIVE DEFENSE

13  22.    Plaintiff's damages, if any, should be reduced because of Plaintiff's or

14  Decedent's failure to mitigate damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

16  23.    Punitive Damages cannot be imposed against a public entity.

### FOURTEENTH AFFIRMATIVE DEFENSE

18  24.    Plaintiff's claims are barred by the failure to comply with the

19  applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

21  25.    Plaintiff has failed to join necessary and/or indispensable parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

23  26.    At all relevant times, each Defendant acted independently and not in

24  association or concert with or as agent or servant of any other Defendant, including

25  any sued herein under fictitious names, or of the employees or agents of other

26  Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

28  27.    At the time and place of the alleged incident and for some time before

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4933-4051-4663 v1                                   5

then, the risks and dangers of the incident (assuming said risks and dangers existed) were fully known to and appreciated by Plaintiff and Decedent, and Plaintiff and Decedent thereby voluntarily assumed any and all risks and dangers, including the risk and danger of the alleged incident complained of in Plaintiff's Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred by the doctrine of unclean hands.

## NINETEENTH  AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred by the doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE

30.     Any injury or damages suffered by Plaintiff or Decedent were caused solely by reason of Decedent's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of the Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

31.     Any recovery on the Plaintiff's First Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiff and Decedent's own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

32.     Because the First Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

4933-4051-4663 v1                                6

1    Dated:  September 11, 2025          BURKE, WILLIAMS & SORENSEN, LLP

2

3

4                                                 By:  _____/s/ Caylin W. Jones_____

5                                                      Nathan A. Oyster
                                                       Caylin W. Jones
6                                                      Attorneys for Defendants
                                                       CITY OF PASADENA, JOHN
7                                                      LEWY, KALVIN BLAKE, and
                                                       TAYLOR VINCENT
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4933-4051-4663 v1                    7

## **DEMAND FOR JURY TRIAL**

Defendants JOHN LEWY, KALVIN BLAKE, and TAYLOR VINCENT demand a trial before a jury on all issues presented by Plaintiff's First Amended Complaint triable to a jury.

WHEREFORE, Defendants JOHN LEWY, KALVIN BLAKE, and TAYLOR VINCENT pray that:

1.    Judgment be rendered in favor of Defendants JOHN LEWY, KALVIN BLAKE, and TAYLOR VINCENT and against Plaintiff DAISY ALVAREZ;

2.    Plaintiff DAISY ALVAREZ take nothing by this action;

3.    Defendants JOHN LEWY, KALVIN BLAKE, and TAYLOR VINCENT be awarded costs of suit incurred herein; and

4.    Defendants JOHN LEWY, KALVIN BLAKE, and TAYLOR VINCENT be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  September 11, 2025          BURKE, WILLIAMS & SORENSEN, LLP


By:    /s/ Caylin W. Jones
        Nathan A. Oyster
        Caylin W. Jones
        Attorneys for Defendants
        CITY OF PASADENA, JOHN
        LEWY, KALVIN BLAKE, and
        TAYLOR VINCENT

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4933-4051-4663 v1                    8